IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,

        Plaintiff,                      No. CIV 2:11-cv-0585-GEB-JFM (PS)

    vs.

DAVID R. LOPEZ,                    ORDER AND

        Defendant.                 FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Under Fed. R. Civ. P. 12(h)(3), a federal court is required to dismiss an action if it appears "by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter...." Accordingly, a court may dismiss an action sua sponte if it lacks subject matter jurisdiction. See, e.g., Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc., 336 F.3d 982, 985 (9th Cir. 2001). Additionally, a federal court must dismiss an action brought under 28 USC § 1915 at any time if it determines that the action "is frivolous or malicious,"

1

1  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a
2  defendant who is immune from such relief." 28 USC 1915(e)(2).

3  In the complaint filed on March 2, 2011, plaintiff brings forth a single claim for
4  negligent infliction of emotional distress against defendant David Lopez.  Plaintiff claims that
5  Lopez, a deputy district attorney in Los Angeles, refused to prosecute an individual who attacked
6  plaintiff, despite evidence of the attack.  Plaintiff seeks $80,000 in damages.

7  Although plaintiff has filed this action in federal court, he has not provided a
8  "statement of the grounds upon which the court's jurisdiction depends," as is required under Fed.
9  R. Civ. P. 8(a)(1), and it appears that this court lacks subject matter jurisdiction.  Dismissal on
10 this basis is appropriate here.  Insofar as the complaint can be construed as one brought pursuant
11 to 42 U.S.C. § 1983, plaintiff is advised that a prosecutor has absolute immunity for the decision
12 to prosecute a particular case and for the decision not to prosecute a particular case or group of
13 cases.  See Botello v. Gammick, 413 F.3d 971 (9th Cir. 2005) (citations omitted).  Thus,
14 plaintiff's complaint should also be dismissed because it seeks monetary damages from an
15 immune defendant.

16 Good cause appearing, IT IS HEREBY ORDERED that plaintiff's request to
17 proceed in forma pauperis is granted; and

18 IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with
19 prejudice.

20 These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
25 objections shall be filed and served within fourteen days after service of the objections.  The
26 /////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: April 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;gree0585.ifpgrant